## KENNEDY v. CRANE et al.

(Circuit Court of Appeals, Second Circuit. April 7, 1914.)

No. 53.

SALVAGE (§§ 26, 34*)—RECOVERY UNDER CONTRACT—VESSEL FROZEN IN.

A tug owner, who contracted to move a loaded barge, which was frozen in the ice, to a place of safety, *held* entitled to recover for delay and injury to the tugs caused by floating ice, but to interest on the damages awarded only from the date of filing the libel.

[Ed. Note.—For other cases, see Salvage, Cent. Dig. §§ 57–64, 68, 80–84; Dec. Dig. §§ 26, 34.*

Awards in federal courts, see note to The Lamington, 30 C. C. A. 280.]

Appeal from the District Court of the United States for the Southern District of New York.

On appeal from the District Court of the United States for the Southern District of New York to review a decree awarding to the libelant the sum of $1,054.49, including interest, and $80.47 costs amounting in the aggregate to $1,134.95.

Peter S. Carter, of New York City, for appellants.

W. J. Martin, of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The libel was filed to recover for salvage, towage and repairs. The court awarded the libelant $1,054 for towing and for saving the barge Jupiter, chartered to the respondents, which, with a cargo of pyrites cinders, was frozen in at the Metal Works dock in the Hackensack river. The tugs Mary Ann and Emma

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. Kennedy were employed to do the towing from the dock to New-town creek and had proceeded to a point in Newark Bay between the Lehigh Valley and Jersey Central railroad bridges when the flotilla encountered a gale of wind. This was about February 1, 1908. The gale dislodged the shore ice and drove it against the tugs and tow, completely surrounding them and dragging them to the shallow water on the easterly side of the bay where the Jupiter was held fast in the ice. The tugs, together with another chartered by the libelant, continued in an effort to get the barge to a place of safety. On February 4th the Mary Ann broke her shaft. On account of severe weather and a change of wind the work was discontinued till February 16th, when, after working three days, the Jupiter with her cargo was rescued and was towed to her destination. When held in the ice pack the barge was in a perilous position and in getting her off the tugs suffered considerable damage and were also in positions from which great danger might result.

This was not a usual towage contract; there was danger from the ice and the owner of the tugs realizing this, expressly stipulated that if the boats were caught in the ice he would expect to be reimbursed for the extra risk and for such damages as they might suffer. The questions were of fact and the judge's findings, upon controverted testimony, should not be disturbed by this court. We do not think the libelant is entitled to interest except from July 31, 1911, this being the date when the libel was filed and the date from which the respondents admit the interest should run.

The decree is amended by the deduction of the excess of interest and as so amended is affirmed with costs.